WATFORD, Circuit Judge,
dissenting:
The majority faults the district court for not adhering to the functionality doctrine established by Qualitex Co. v. Jacobson Products Co., 514 U.S. 159, 115 S.Ct. 1300, 131 L.Ed.2d 248 (1995). But as the district court recognized, Qualitex is not the last word on functionality: Our circuit has placed its own gloss on Qualitex, which the district court was required to follow. See Au-Tomotive Gold, Inc. v. Volkswagen of America, Inc., 457 F.3d 1062, 1072 & n. 8 (9th Cir.2006). The district court applied our precedent correctly, so I would affirm.
The district court started by quoting our decision in Disc Golf Association v. Champion Discs, Inc., 158 F.3d 1002 (9th Cir.1998), which explains that a “product feature is functional ‘if it is essential to the use or purpose of the article.’ ” Id. at 1006 (quoting Qualitex, 514 U.S. at 165, 115 S.Ct.1300). That is the very standard the majority suggests the district court “overlooked.” The district court then correctly recognized that our precedent renders a product feature “essential” only if an examination of four factors so designates it. See Aur-Tomotive Gold, 457 F.3d at 1072 & n. 8; Talking Rain Beverage Co. v. South Beach Beverage, 349 F.3d 601, 603 (9th Cir.2003); Disc Golf, 158 F.3d at 1006. The district court applied that four-factor .test and, in my view, the record supports the district court’s conclusions. The majority asserts that the district court applied the four factors too rigidly, but the district court merely weighed the factors as we have instructed. See, e.g., Talking Rain, 349 F.3d at 603 (noting that the existence of alternative designs can’t trump the other three factors); Disc Golf, 158 F.3d at 1009 (noting that advertising is “strong evidence of functionality” (internal quotation marks omitted)). If the test is rigid, we have made it so.
The district court applied the test for functionality that our circuit’s law requires. The majority may not like that test, and I can understand why: It does appear as though our circuit’s law has strayed from Qualitex’s core principles. But we can’t in fairness fault the district court for refusing to revamp the test for functionality, something that only an en banc court or the Supreme Court can do.